The first case of this morning is 4-11-0918. This is Ladage et al. Appearance for the appellant, Mark Cochran. You are he, sir? And for the appellee, Duane Young. Mr. Cochran, are you going to do all the argument? Yes. Okay. You may proceed, sir. Good morning. Good morning. I will be brief. I would just like to emphasize two points this morning, as well as answer any questions or address any concerns that the court may have. The first point deals with what I consider the rather unusual nature of this appeal. I think it must be rare for a case to get to this point where there is controlling Supreme Court precedence, addressing almost identical facts, situations. I think in those cases, either the case would not have been filed or it would have been resolved at the trial level. But that's not the case here. We have a trial court opinion that is not only inconsistent with the Illinois Supreme Court, it's diametrically opposed to the rulings of the Supreme Court. In the Candlick and McCloy cases, it clearly sets out the law in Illinois with respect to boundary disputes. And that law has been consistently followed by appellate courts throughout the state. And in those cases, it talks about three ways of resolving boundary disputes. There's a parole agreement. There's an implied agreement with acquiescence. Or the third is adverse possession for over 20 years of statutory remedy. In those cases, they have, I think, key discussion which pertains to this case. Because in both those cases, the losing party argued that the government survey controlled. End of story. But the Supreme Court clearly said no. The government surveys are just a means of referencing the location of the property. That a party is free to prove another actual boundary. Convincing evidence. And that's exactly what's happened here. And they gave an example of that. An alternative boundary would be a division line that has been established, maintained, recognized, and acquiesced in for over 20 years. And that is exactly the case we have here through the uncontested facts. We have Plaintiff's Own Survey that identifies these four corner posts that were the historic boundaries of the subject property. Then you have the sworn affidavit, uncontested affidavit, as the people most familiar with it. Known the area for three quarters of a century. Saying, yes, these are the corner posts. These were the fence lines. This was widely accepted. These were the boundaries of this property. So it clearly falls within the guidelines and parameters of the Supreme Court and Candlewick and McLeod. The second point I want to emphasize is the trial court's decision reflects bad law. And if it stands, it's going to be a realization of the warning the Supreme Court offered in the McLeod case. Where it says, if Candlewick is not falling, I'll quote, practically every boundary line would be suspect and open to litigation. And that's especially true in the farm context. We have farms throughout Illinois that have been owned by the same family for generation after generation. And during that ownership, the ownership has been changed. It's been gifted. There's estate planning. Moving in among the families. There's been deaths. There's been executor deeds. And they all use the same language that may have been in the original deed, referring to government sections. But all the owners, all the neighbors know what the actual property lines have been established over the course of maybe 100 years. If the trial court's decision holds, it invites a stranger, say an investor, to come in and buy an adjoining 40 or 80 or quarter section. And for whatever reason, choose to have it surveyed. And I won't say invariably, but it's quite often that a survey today would reveal government section lines and corners that are at odds with the actual observed property line. Whether it's eight feet in this case, one post being off, or two feet, or 20 feet. I mean, there are almost invariably going to be discrepancies. And what the trial court does, it just invites a new owner to come in and if that occurs, do a survey, assert dominion over that. If the owner who's had that for years doesn't accept it, then we end up in court like we are here in this case. So I think the Supreme Court's decisions are very sound in the Candlewick and McCloy cases and the appellate courts that have followed that. So we would respectfully request that the appellate court follow the directives of the Supreme Court, reverse the trial court, and enter sovereign judgment in defendant's favor, establishing the boundaries as they have historically felt on the loan property. Okay. Thank you, counsel. Mr. Yoke? We have no quarrel with the Supreme Court decisions. We acknowledge that that's the law. The problem is that the defendants never put those cases at issue. There has been no pleading of any type, kind, nature, or description filed by the defendants affirmatively stating that there should be an alternate boundary. This was just litigation by ambush saying, you know, I have an affidavit. And that is not sufficient. Why wouldn't it be sufficient to beat your motion for summary judgment or at least raise the question so that now we can go to the next stage? Because it was not the issues in the affidavits were not made relevant by pleadings. Those are circumscribed by – relevancy is circumscribed by pleadings. The issue is made by a complaint and an answer. Well, you had a motion for summary judgment, did you not? Correct. And you had affidavits or you had the boundaries? We had an affidavit by the surveyor. By the surveyor. Right, correct. Saying this is what it is and therefore we should prevail on a motion for summary judgment. In addition, we established those exact boundaries which were established by the defendants when they funded their revocable living trust just a few months before because they used the exact same descriptions. And all we did is come into court and say they're trespassing on our lands, quiet this title, and the plaintiff had established the correct boundaries. There is a strong presumption in favor of ownership of land. But going back to your initial point, it's your motion for summary judgment, the granting of which is before us on appeal. That's correct. So why wouldn't there are affidavits or anything filed at the trial level merely at this point have to respond? Would it be relevant or pertinent to the motion for summary judgment that you made? No, the only issues were where are the boundaries under the government survey? And their affidavits don't address that? The affidavits purport to address an alternate boundary, but that alternate boundary was not supported by any sort of pleading. No affirmative defense, no counterclaim saying the government surveyed it. Why is that necessary? Because we don't do litigation by ambush. We do litigation by stating a claim, giving the other party an opportunity to respond, giving notice. But you were the one who brought the action, were you not? That's correct. Why isn't it sufficient for the defendants to simply defend the action you brought as opposed to having to make a counterclaim to make their pleadings relevant? Because they're saying that the boundaries that we established by survey were correct. Then you should lose the case you brought is their position, isn't it? That's their position, but those affidavits which we moved to strike every one of them, and I presume the trial court didn't look at irrelevant evidence. We moved to strike them because they were irrelevant because there was no issue pleaded establishing the claim for an alternate boundary, whether it was by possession, whether it was by agreement, or otherwise. And therefore, the efforts made to establish the boundary by affidavit are irrelevant. Did the trial court grant your motions? It did. And I presume it was on the basis that they used the same description in funding their trust. There's a staple by deed. Alternatively, go beyond that, it's the survey. Well, to make sure I understand your position, what should they have done procedurally so as to address the very relevancy arguments you're now making? They should have, in addition to denying that this government survey was the actual boundary, that there was some sort of an alternate boundary that had been in existence or is entitled to legal deference under some theory of law, whether it's the Supreme Court cases. If you look at those Supreme Court cases, in every instance the plaintiff, the complainant, pleaded an alternate boundary and proved an alternate boundary and prevailed. We never got to that in this case because there was never an alternate boundary pleaded by the defendants. So in other words, if I understand correctly, you are asserting in your action that you brought initially here that here's the boundary as found by the surveyor. Correct. And you want this to be recognized by the court? Because there's a trespass. Okay. And to defeat your claim, they have to present an alternative boundary claim, saying in effect, plaintiff's boundaries aren't right, here's the correct boundary. That's correct. Not only pleaded, but prove it by clear and convincing evidence by the cases. And to your position, they failed to do that? Having never pleaded an alternate boundary, they have to fail. And I think the trial court was absolutely correct. Because of the strong presumption of the ownership and that the parties seeking to establish an alternate boundary has the burden of proof. Not only to prove it, but by clear and convincing evidence. So our positions were first, they use the same description. We proved what that description encompasses. They're stopped by deed. And secondly, having failed to plead, prove, or establish, or make relevant, or make the possibility of an alternate argument even an issue, it was necessary for them to plead that there was one. And having failed to do so, the trial court had no choice but to affirm that the government survey prevailed. So it's not enough merely to argue that your motion or your complaint to quiet title isn't soundly based? I'm not sure I quite understand the case. Well, you filed a motion to complaint to quiet title. Right, and there were general denials. And then we proved the actual boundaries with the survey. And also by the fact that the defendants had used the exact same descriptions in funding their own trust. So they would, if I understand your position, they need to file a counterclaim to quiet title on their own behalf to raise the issue of, in which they would also then purport to say, here's the correct boundary. Correct. If they said that the government survey boundary is the incorrect one, that there was another one by agreement, by use, by a prescription, by whatever means it was necessary for them to plead the issue so that we could defend the issue. It's just a simple matter of due process of law. They say that the trial court departed from the Supreme Court decisions. The trial court never reached the Supreme Court decisions because it was never an issue. I think the trial court correctly found then that given that there was nothing pleaded and no relevant issue raised, different than the government survey, that they were, first of all, I think, bound by estoppel by deed. They were trying to contradict or impeach their own instruments. And just as importantly, if there is an alternate boundary, they have the burden of proof, they have to plead it, and they have to prove it. That's how we litigate things. That's how we determine what's relevant by the issues made. We came in and said there was a survey, we established the boundaries of the survey, and they denied it, and that's it. The trial court said, no, the boundaries are correct. Besides that, they used the same descriptions themselves. The outside boundaries were co-terminants with what they used in their own deed. What about all the parole evidence issues that they attempt to raise here, that use and tradition and all that about boundaries should be considered? Had they pleaded them, we would have addressed them. But they never pleaded them. They claim also they have filed a motion for summary judgment, and you will find no motion for summary judgment filed on behalf of the defendants in this case. It was a phrase and a prayer for relief in their response to our motion. I know Federal Rule 56 would allow a court to do that, but that's not the way we do it in the state court that I know of, that you don't have to file a counter motion for summary judgment, the court can just enter it. It seems to me that the most elementary due process of law is if you have a claim, plead it. Allow the other side the opportunity to disprove it, to defend against it, and not just come into court with an affidavit that said, this ex cathedra establishes the truth about something of which it isn't even relevant under the pleadings. So while the Supreme Court cases are good and have no quarrel with them, the issue was never reached. So if they filed a counter claim in this case to acquire a title, would they win? I don't think so because we would have had evidence that that post, one of the posts they referred to was just put there a few years ago, according to a witness statement. I think the trial court was absolutely right, the trial court had no other choice. Now, I confess that the motions to strike all these affidavits was never expressly ruled on by the court. But the basis of the objection was irrelevancy, and I assume that the trial court did not consider irrelevant evidence, so that in effect the trial court did ignore those affidavits because they were irrelevant. They supported no pleading of any kind. There was never an affirmative defense, there was never a counter claim. Did you call the motions to strike to the judge's attention? Yes, at each argument. At each argument. The first affidavit was drawn, the second one was acknowledged to be incorrect and defective and was replaced, and we filed again another motion to strike and brought it to the court's attention. It was part of the argument at the summary judgment. I think the court understands the issues. If you have any other questions of me, that certainly is the posture of the case. We'd ask that the court affirm the trial court, either on the basis of estoppel by deed or on the basis that they never reached, never made the issues that the Supreme Court expressed in the cases they rely on an issue by never pleading an alternate boundary separate and distinct from the government survey boundary. We'd ask you to affirm. Thank you, counsel. Mr. Cochran. Thank you. I guess I'm not surprised by Mr. Young's comments. They're consistent with the position they've taken through this whole case, which is to ignore the substantive law in the Supreme Court. Is he right that you never filed a counterclaim? I think it's right. I think we've responded to their complaint. Well, let me ask you this. This is kind of a strange case procedurally. They made a filed complaint to quiet title. Right. If, in the context of this record, they lost, who owns the property in question? I would say the defendant's own. Based on what? All that we've had is they've lost their quiet title claim for whatever reason. Now what? You're right. This is a strange case. And I think through the course of it, Mr. Young repeated his arguments. It's not on the record, but I think Mr. Young will recall in one of our hearings where the judge observed that Mr. Young seemed to be advancing form over substance. And I think the point is... By the way, we don't have records of any of those hearings either, do we? No. There weren't any transcripts. How about the bystander's record? You can make one of those up. So we could have had the discussion that the judge, the explanation the judge provided. Go ahead. But I think the point is the judge ultimately reached the merits of this. And he had available to him through the whole process opportunities. If he felt that the pleadings weren't satisfactory, that this issue hadn't been raised, he could have either said he's satisfied it's raised, there's no surprise, everyone knows what's... Or he could have given us an opportunity to amend. I should explain. You have a panel here on the appellate court. But we have cumulatively, I think, about 40 years' experience as trial judges. Judges are in a passive role. I can't speak for my colleagues, but I would find it very strange indeed to think that I have to turn to one of the parties and say, you know, you need to come up with some pleadings here, and maybe along this line. It's not what we do. I think our position was the complaint put in issue what the boundaries were. We generally denied that. So we raised the issue. Now the issue became, we need proof on what the actual boundaries are. We submitted affidavits. We have a surveyor that shows these posts. We have sworn affidavits that say, here's where the boundaries are. So we introduced proof. Plaintiff was free to introduce counter affidavits in the summary judgment context to counter those. He just mentioned they had some third unknown person that may have been able to offer some contrary testimony. They didn't offer that through a deposition or through an affidavit, which they were free to do. So the issue we feel is joint. We introduced evidence to show what the actual boundaries were. I want to go back to my initial question. If the court in a quiet, title action rule against a plaintiff, what was the problem? All that really means is they don't. It doesn't answer who does, does it? Well, if that's the ruling of the outcome of this, then either the parties would agree to drop it or we would file our own title action. Well, but the fact that you did it, doesn't that support the position of the plaintiff that then just the attack of their stuff isn't enough? No, I'm talking about how we would deal if this is the court's decision. Our position is that the complaint raised the issue. We denied it. We offered evidence to establish what we feel the actual boundary was. They surveyed us, the government surveyed us. We denied that, and we introduced evidence to say, here's what the actual boundary is, consistent with how the Illinois Supreme Court tells you you resolve boundary disputes. Anything further? Okay, thank you, counsel. I'll take this matter into advisory convening, so it's for a few moments.